**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Christine M. Arguello**

Civil Action No. 20-cv-00729-CMA

F.R.,

      Plaintiff,

v.

KILOLO KIJAKAZI, acting Commissioner of Social Security,[1]

      Defendant.

---

## ORDER

---

    This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff F.R.'s application for disability benefits. For the following reasons, the Court affirms the denial of benefits.

## I.    BACKGROUND

    Plaintiff alleges that he is disabled due to degenerative disease of the lumbar spine, headaches, and anxiety. (Administrative Record ("AR") at 19). He filed an application for disability insurance benefits, and the Social Security Administration denied his application. (AR 85-91). Plaintiff challenged the denial of benefits at a hearing before an administrative law judge ("ALJ"). (AR 30-71). The ALJ determined that, although Plaintiff has severe physical impairments that cause work-related

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and she is automatically substituted as the Defendant in this action. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

limitations, his limitations did not constitute disabilities for purposes of disability insurance benefits, and he nevertheless had the capacity to work. (AR 16-24). Therefore, the ALJ found that Plaintiff was not disabled and was not entitled to disability insurance benefits. (AR 16-24). Plaintiff appealed, and the Appeals Council denied Plaintiff's request for review. (AR 5). Plaintiff now requests that this Court overturn the ALJ's determination.

## II.   LEGAL STANDARD

### A.   STANDARD FOR DISABILITY DETERMINATION

The SSA defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration employs a five-part evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; *see also Williams v. Bowen*, 844 F.2d 748, 750–53 (10th Cir.1988) (discussing the five steps in detail). The first four steps put the burden on the claimant to establish the existence of a disability:

(1)   Step One requires a claimant to establish she is not engaged in "substantial gainful activity." See 20 C.F.R. §§ 404.1520(b), 404.1572.

(2)   Step Two requires the claimant to establish she has a "medically severe impairment or combination of impairments." *See id*. §§ 404.1520(c), 404.1520a–404.1523.

(3)     Step Three requires claimant to show that her impairment is recognized by

the SSA as disabling.[2]

(4)     If the impairment is not recognized by the SSA as disabling, the claimant

must establish at Step Four that her impairment prevents her from performing

work she has previously performed. *See id*. § 404.1520(e), (f).

If the claimant is not considered disabled at Step Three, but has satisfied her burden of

establishing a prima facie case of disability under Steps One, Two, and Four, the fifth

step shifts the burden to the Commissioner:

- At Step Five, the Commissioner must show "the claimant has the residual

  functional capacity (RFC) to perform other work in the national economy in view

  of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F. 3d

  729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520(g).

## B.     REVIEW OF A DISABILITY DETERMINATION

When reviewing the Commissioner's decision, the Court is limited to determining

"whether the findings are supported by substantial evidence and whether the Secretary

applied correct legal standards." *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir.

1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

"Substantial evidence is such relevant evidence as a reasonable mind might accept

---

[2] Specifically, the SSA must determine whether claimant has a "medically severe impairment," alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude "substantial gainful employment." See id. §§ 404.1525–404.1526 & pt. 404, subpt. P, App. 1. If listed, the impairment is conclusively presumed disabling. *See id*., § 404.1520(d).

as adequate to support a conclusion. It requires more than a scintilla, but less than

a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quoting *Lax v.

Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is

overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257,

1261-62 (10th Cir. 2005). In conducting its review, the Court may neither reweigh the

evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart,* 468

F.3d 615, 621 (10th Cir. 2006).

**C.    PRO SE STANDARD OF REVIEW**

Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and

other papers liberally and hold[s] them to a less stringent standard than those drafted by

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations

omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court

is "not required to fashion [a plaintiff's] arguments for him where his allegations are

merely conclusory in nature and without supporting factual averments." *United States v.

Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of

advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III.    <u>ANALYSIS</u>

Having reviewed the entire record – including the transcript of the underlying

proceedings, Plaintiff's relevant medical records, and the ALJ's written ruling – the Court

finds that the ALJ's determination is supported by substantial evidence in the record.

The record reflects that Plaintiff has been diagnosed with the following physical and mental impairments:

- Mild degenerative changes and degenerative disc disease of the lumbar spine resulting in moderate low back pain;

- Headaches;

- Anxiety;

- Depression;

- Gastroesophageal reflux disease (GERD).

(AR 19-20).

The ALJ found only the first two of these conditions – degenerative disc disease of the lumbar spine and headaches – to be severe impairments. (AR 19-21). The ALJ determined that the remaining conditions – anxiety, depression, and GERD – were not severe. (AR 19-21). There is substantial support in the record for this conclusion.

The record demonstrates that, although Plaintiff suffers from GERD, this condition is managed with Omeprazole. (AR 281). There is little evidence in the record of heartburn, abdominal pain, malnutrition, difficulty swallowing, or other symptoms that would render this condition a severe impairment. Therefore, the Court agrees with the ALJ's classification of this condition as non-severe.

The record also supports the ALJ's determination that Plaintiff's depression and anxiety are non-severe. The records show that these conditions do not significantly impact Plaintiff's ability to understand, remember, or apply information, and they do not significantly interfere with his ability to perform daily life activities. Further, a state

psychiatric expert determined that Plaintiff had no functional limitations related to these conditions and only mild limitations related to concentration and persistence. (AR 77-81). Though Plaintiff has been prescribed medication for anxiety, he takes it only as needed, and his anxiety does not seem to significantly interfere with his daily life. (AR 281-90).

With respect to Plaintiff's lumbar-spine condition and headaches, the ALJ found that these impairments do not meet the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (AR 21). Again, there is substantial evidence in the record to support this conclusion. With respect to Plaintiff's lumbar spine, there is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability to ambulate effectively, and Plaintiff's condition appears to be manageable with conservative treatment. (AR 281-85, 311-12). Further, there is no evidence in the record to suggest that Plaintiff's headaches occur with a frequency or intensity that would make them disabling. (AR 266-68, 285).

Finally, the ALJ determined that Plaintiff has the residual function capacity to perform light work, including work he has performed in the past, with only minimal limitations. (AR 21). This conclusion is also supported by substantial evidence in the record. The record reflects that each of these conditions was being managed with conservative treatment and that Plaintiff was able to accomplish daily tasks with minimal limitations. Therefore, the Court agrees with the ALJ's determination as to Plaintiff's residual functional capacity.

### IV.   CONCLUSION

For the foregoing reasons, the Commissioner's decision to deny Plaintiff's application for benefits is AFFIRMED.

DATED:  September 2, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge